UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
MV REALTY, PBC, LLC, :
:  1:18-cv-07142-LLS
Plaintiff, :
:
- against - :
:
INNOVATUS CAPITAL PARTNERS, LLC, :
:
Defendant. :
:
---------------------------------------------------------------------X

**ANSWER TO DEFENDANT INNOVATUS CAPITAL PARTNERS' COUNTERCLAIMS AGAINST PLAINTIFF MV REALTY, PBC, LLC**

Plaintiff MV Realty PBC, LLC ("MV Realty"), by and through its undersigned attorneys, hereby files its Answer to Defendant Innovatus Capital Partner's ("Defendant" or "Innovatus") Counterclaims, as follows:

**DEFENDANT'S ANSWER AND DEFENSES**

Paragraphs 1–158 of Defendant's Answer to MV Realty's First Amended Complaint are not part of the Counterclaims and require no response by MV Realty.

**ANSWER TO DEFENDANT'S COUNTERCLAIMS**

159. MV Realty admits that Defendant's Counterclaims purport to seek the described preliminary and permanent injunctive relief, but denies that it is entitled to any relief in this matter.

160. MV Realty admits that Defendant disclosed a business opportunity to Jonathan Neuman ("Neuman"), Antony Mitchell ("Mitchell"), and Ritz Advisors, LLC ("Ritz") and admits that the business opportunity was disclosed after Neuman, Mitchell, and Ritz each signed

a Non-Disclosure Agreement ("NDA") and incorporated Term Sheet. MV Realty denies that Paragraph 160 accurately describes Neuman, Mitchell, and Ritz's obligations under their respective NDAs. MV Realty lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Defendant's purpose in disclosing the business opportunity, and on that basis denies such allegations. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 160.

161. MV Realty denies the allegations of Paragraph 161.

162. MV Realty denies that the "Business Opportunity" is an innovative method and process related to real estate transactions created by Defendant. MV Realty admits that Neuman and Mitchell were approached by David Schiff of Innovatus as potential partners to help pursue a business opportunity. MV Realty admits that, among many other business activities, Neuman indirectly owned a non- controlling interest in a real estate brokerage business. MV Realty admits that Defendant told Neuman and Mitchell that the potential business opportunity was confidential, and that Neuman, Mitchell, and Ritz entered into an NDA and incorporated Term Sheet with Defendant. MV Realty denies that Paragraph 162 accurately describes Neuman, Mitchell, and Ritz's obligations under their respective NDAs, including because it calls for a legal conclusion. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 162.

163. MV Realty admits that, beginning in August 2017, Defendant and Neuman, Mitchell, and Ritz entered into an NDA and incorporated Term Sheet, and that Defendant and Neuman and Mitchell began to engage in joint actions to explore the Business Opportunity. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 163.

164. MV Realty admits that, with Defendants' knowledge and consent, it became involved in the joint actions with Neuman, Mitchell, and Defendant to explore the Business Opportunity. MV Realty admits that on November 14, 2017, Defendant and MV Realty as Disclosing Parties entered into NDAs with each of Greg Williams ("Williams") and Amanda Zachman ("Zachman") as Receiving Parties. MV Realty admits that an NDA with Daryl Clark ("Clark") as Receiving Party was dated on January 22, 2018, with Defendant, Neuman, Mitchell, and Ritz as the Disclosing Parties. MV Realty admits that Zachman was a licensed real estate broker and 50% owner of MV Realty, that Clark was the Chief Financial Officer of MV Realty, and that Williams was a licensed real estate agent. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 164.

165. MV Realty denies the allegations of Paragraph 165, including on the basis that it calls for a legal conclusion.

166. MV Realty denies the allegations of Paragraph 166.

167. MV Realty admits that Defendant's Counterclaims purport to seek preliminary and permanent injunctive relief, but denies that Defendant is entitled to any relief in this matter. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 167, including on the basis that it calls for a legal conclusion.

## JURISDICTION AND VENUE

168. MV Realty avers that its lacks knowledge or information sufficient to form a belief about the truth of the allegations related to Defendant's citizenship. MV Realty admits that it is a Florida limited liability company and that none of its members have citizenship in New York or Connecticut or are aliens. MV Realty denies the remaining allegations of Paragraph 168, including on the basis that it calls for a legal conclusion.

3

169. MV Realty admits that Defendant's Counterclaims are part of the same case or controversy as the claims asserted by MV Realty. MV Realty denies the remaining allegations of Paragraph 169, including on the basis that it calls for a legal conclusion.

170. MV Realty admits that venue is appropriate in the Southern District of New York.

## THE PARTIES

171. MV Realty admits that Defendant is a Delaware limited liability company, but it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 171.

172. MV Realty admits that it is a Florida limited liability company whose members are all citizens of Florida.

## FACTUAL ALLEGATIONS

173. MV Realty avers that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 173.

174. MV Realty denies the allegations of Paragraph 174.

175. MV Realty denies the allegations of Paragraph 175.

176. MV Realty denies the allegations of Paragraph 176.

177. MV Realty avers that it lacks knowledge or information sufficient to form a belief about the truth of what Defendant determined. MV Realty admits that in August 2017, Defendant disclosed the Business Opportunity to Neuman and Mitchell, and that Neuman indirectly owned a non-controlling interest in MV Realty. MV Realty admits that a letter from counsel on May 14, 2018 informed counsel for Defendant that the Defendant had previously received an email stating that all pending RTL transactions had been cancelled. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 177.

178. MV Realty avers that it lacks knowledge or information sufficient to form a belief about the truth of allegations that "[t]he Business Opportunity requires the participation of a real estate brokerage firm" or regarding what motivated Defendant to pursue a partnership with Neuman and Mitchell. MV Realty denies the remaining allegations of Paragraph 178.

179. MV Realty admits that, beginning in August 2017, Defendant and Neuman and Mitchell worked together to evaluate and pursue the Business Opportunity, along with MV Realty, which Defendant asked to become a party to the Non-Disclosure Agreement but which MV Realty did not do. MV Realty admits that the parties engaged in negotiation of a detailed joint venture and related agreements for jointly pursuing, among other things, the Business Opportunity. MV Realty admits that with substantial input from Neuman, Mitchell, and MV Realty, Defendant was involved in creating analyses and other information related to, among other things, the Business Opportunity. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 179.

180. MV Realty admits that, with substantial input from Neuman, Mitchell, and MV Realty, Defendant was involved in creating analyses and other information related to, among other things, the Business Opportunity, including a business plan, tracking metrics, and a financial model. MV Realty admits that, with the assistance of a law firm retained by the parties, the parties jointly prepared a form "Right to List" contract to be utilized in connection with the Business Opportunity. MV Realty denies that these materials constitute Confidential Information. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 180.

181. MV Realty admits that, on August 24, 2017, Defendant entered into an NDA and incorporated Term Sheet with Neuman, Mitchell, and Ritz, with Defendant as the Disclosing

Party and Neuman, Mitchell, and Ritz as the Receiving Parties. MV Realty admits that Defendant and MV Realty as Disclosing Parties entered into NDAs with each of Williams and Zachman as Receiving Parties, but denies that the Agreements were entered into on October 20, 2017. MV Realty admits that an NDA with Clark as Receiving Party was dated on January 22, 2018, with Defendant, Mitchell, Neuman, and Ritz as the Disclosing Parties. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 181.

182. MV Realty admits that the language appearing in Paragraph 182 appears in the NDA signed by Neuman, Mitchell, and Ritz. MV Realty admits that the NDAs entered by Williams, Clark, and Zachman also include their own non-circumvention provisions. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 182, including because the term "non-substantive respects" is vague and ambiguous.

183. MV Realty admits that "Business Opportunity" is a defined term in each of the NDAs signed by Neuman, Mitchell, Ritz, Williams, Clark, and Zachman, respectively.

184. MV Realty admits that each NDA has a three-year term. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 184, including on the basis that it calls for a legal conclusion.

185. MV Realty denies the allegations of Paragraph 185, including on the basis that it calls for a legal conclusion.

186. MV Realty admits that the quoted language in Paragraph 186 appears in the NDA signed by Neuman, Mitchell and Ritz. MV Realty admits that the respective NDAs signed by Neuman, Mitchell, Ritz, Williams, Clark, and Zachman, respectively, contain a provision restricting the use of Confidential Information, as the term is defined in the NDAs. Except

insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 186.

187. MV Realty admits that the quoted language in Paragraph 187 appears in the NDAs signed by Williams and Zachman. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 187.

188. MV Realty admits that the NDA signed by Clark contains a provision restricting the use of Confidential Information. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 188.

189. MV Realty denies the allegations of Paragraph 189.

190. MV Realty admits that the NDA signed by Neuman, Mitchell, and Ritz contains the language quoted in Paragraph 190. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 190, including on the basis that it calls for a legal conclusion.

191. MV Realty denies the allegations of Paragraph 191, including on the basis that it calls for a legal conclusion.

192. MV Realty admits that the NDAs signed by Williams and Zachman contains the language quoted in Paragraph 192.

193. MV Realty admits that the NDA signed by Clark contains a provision restricting the use of Confidential Information. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 193.

194. MV Realty admits that the NDAs signed by Williams and Zachman contain language restricting the use of Confidential Information. MV Realty denies the remaining allegations of Paragraph 194, including on the basis that it calls for a legal conclusion.

195. MV Realty admits that the NDA between Defendant, Neuman, Mitchell, and Ritz has an Effective Date of August 24, 2017. MV Realty admits that the NDAs between Defendant, MV Realty, and Zachman, and between Defendant, MV Realty, and Williams have Effective Dates of October 20, 2017. MV Realty admits that the NDA involving Clark has an Effective Date of January 22, 2018. MV Realty admits that each NDA has a three-year term. MV Realty denies the remaining allegations of Paragraph 195, including on the basis that it calls for a legal conclusion.

196. MV Realty denies the allegations of Paragraph 196, including on the basis that it calls for a legal conclusion.

197. MV Realty admits that it was aware of the NDAs entered into by Neuman, Mitchell, Ritz, Zachman, Clark, and Williams, respectively.

198. MV Realty denies the allegations of Paragraph 198, including on the basis that it calls for a legal conclusion.

199. MV Realty admits that the parties signed the NDAs in order to explore and evaluate the Business Opportunity.

200. MV Realty admits that prior to the August 24, 2017 NDA, it was not aware of the Business Opportunity as it is defined in the August 24, 2017 NDA. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 200.

201. MV Realty admits that it expressed its intention to "enter into agreements with homeowners by which the homeowner receives an upfront payment in exchange for giving MV Realty the first right of refusal to list the home when the homeowner decides to sell the home in the future." MV Realty denies that these described transactions are prohibited by the NDAs entered into by Neuman, Mitchell, Ritz, Zachman, Clark, and Williams, respectively. Except

insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 201.

202. MV Realty admits that its business activities are carried out by its employees and agents. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 202, including because the term "intentions" is vague and ambiguous.

203. MV Realty admits that it employs Zachman, Clark and Williams. MV Realty admits that Zachman, Clark, and Williams each executed NDAs in his or her individual capacity in connection with exploration of the Business Opportunity as defined in the NDAs. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 203.

204. MV Realty admits that its employees are engaged in activities in pursuit of entering into agreements with homeowners by which the homeowner receives an upfront payment in exchange for giving MV Realty the first right of refusal to list the home when the homeowner decides to sell the home in the future. MV Realty admits such transactions have long been in the public domain and that MV Realty obtained a license to use a patent associated with such transactions. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 204.

205. MV Realty admits that Zachman, Clark, and Williams have been involved with MV Realty's pursuit of agreements with homeowners by which the homeowner receives an upfront payment in exchange for giving MV Realty the first right of refusal to list the home when the homeowner decides to sell the home in the future. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 205.

206. MV Realty denies the allegations of Paragraph 206, including on the basis that it calls for a legal conclusion.

207. MV Realty denies the allegations of Paragraph 207, including on the basis that it calls for a legal conclusion.

208. MV Realty denies the allegations of Paragraph 208.

209. MV Realty denies the allegations of Paragraph 209.

210. MV Realty denies the allegations of Paragraph 210.

211. MV Realty denies the allegations of Paragraph 211, including on the basis that it calls for a legal conclusion.

212. MV Realty denies the allegations of Paragraph 212, including on the basis that it calls for a legal conclusion.

213. MV Realty denies the allegations of Paragraph 213, including on the basis that it calls for a legal conclusion.

### FIRST COUNTERCLAIM

214. Insofar as a response is required, MV Realty denies the allegations of Paragraph 214.

215. MV Realty admits that, like Defendant, MV Realty is a Disclosing Party to the NDAs in which Zachman and Williams are Receiving Parties. Except insofar as specifically admitted herein, MV Realty denies the allegations of Paragraph 215.

216. MV Realty denies the allegations of Paragraph 216.

217. MV Realty denies the allegations of Paragraph 217.

218. MV Realty denies the allegations of Paragraph 218.

219. MV Realty denies the allegations of Paragraph 219.

220. MV Realty denies the allegations of Paragraph 220, including on the basis that it calls for a legal conclusion.

221. MV Realty denies the allegations of Paragraph 221, including on the basis that it calls for a legal conclusion.

222. MV Realty denies the allegations of Paragraph 222, including on the basis that it calls for a legal conclusion.

223. MV Realty denies the allegations of Paragraph 223, including on the basis that it calls for a legal conclusion.

224. MV Realty denies the allegations of Paragraph 224, including on the basis that it calls for a legal conclusion.

225. MV Realty denies the allegations of Paragraph 225, including on the basis that it calls for a legal conclusion.

**SECOND COUNTERCLAIM**

226. Insofar as a response is required, MV Realty denies the allegations of Paragraph 226.

227. MV Realty denies the allegations of Paragraph 227.

228. MV Realty denies the allegations of Paragraph 228.

229. MV Realty admits that that Neuman, Mitchell, Ritz, Zachman, Clark, and Williams entered into respective NDAs with Defendant. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 229.

230. MV Realty admits that it was aware of the NDAs entered into by Neuman, Mitchell, Ritz, Zachman, Clark, and Williams, respectively, with Defendant. Except insofar as specifically admitted herein, MV Realty denies the remaining allegations of Paragraph 230.

231. MV Realty denies the allegations of Paragraph 231.

232. MV Realty denies the allegations of Paragraph 232.

233. MV Realty denies the allegations of Paragraph 233, including on the basis that it calls for a legal conclusion.

234. MV Realty denies the allegations of Paragraph 234, including on the basis that it calls for a legal conclusion.

235. MV Realty denies the allegations of Paragraph 235, including on the basis that it calls for a legal conclusion.

236. MV Realty denies the allegations of Paragraph 236, including on the basis that it calls for a legal conclusion.

237. MV Realty denies the allegations of Paragraph 237, including on the basis that it calls for a legal conclusion.

238. MV Realty denies the allegations of Paragraph 238, including on the basis that it calls for a legal conclusion.

### THIRD COUNTERCLAIM

239. Insofar as a response is required, MV Realty denies the allegations of Paragraph 239.

240. MV Realty denies the allegations of Paragraph 240, including on the basis that it calls for a legal conclusion.

241. MV Realty denies the allegations of Paragraph 241, including on the basis that it calls for a legal conclusion.

242. MV Realty denies the allegations of Paragraph 242, including on the basis that it calls for a legal conclusion.

### PRAYER FOR RELIEF

MV Realty denies that Defendant is entitled to a judgment or any other relief requested.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that MV Realty would not otherwise have, MV Realty affirmatively asserts the following defenses:

### First Affirmative Defense

The Counterclaims for damages are barred, in whole or in part, because Defendant failed to mitigate its damages.

### Second Affirmative Defense

The Counterclaims are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

The Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

The Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

The Counterclaims for damages are barred, in whole or in part, because Defendant would be unjustly enriched if allowed to recover any portion of the damages alleged in the Counterclaims.

### Sixth Affirmative Defense

The Counterclaims for damages are barred, in whole or in part, by the doctrine of consent and/or ratification.

### Seventh Affirmative Defense

Defendant is not entitled to equitable relief because there exists an adequate remedy at law.

### Eighth Affirmative Defense

Defendant is not entitled to equitable relief under the doctrine of unclean hands.

**Ninth Affirmative Defense**

The Counterclaims are barred, in whole or in part, by Defendant's failure to join necessary parties.

**Tenth Affirmative Defense**

The Counterclaims are barred by the doctrine of mutual mistake of fact.

**Eleventh Affirmative Defense**

The Counterclaims are barred by the doctrine of unconscionability.

**Twelfth Affirmative Defense**

The Counterclaims are barred by the excuse of impossibility.

**Thirteenth Affirmative Defense**

The Counterclaims are barred by the doctrine of judicial estoppel.

**Fourteenth Affirmative Defense**

The Counterclaims are barred by the doctrine of promissory estoppel.

**Fifteenth Affirmative Defense**

The Counterclaims are barred based on Defendant's breach of the duty of good faith and fair dealing.

**Sixteenth Affirmative Defense**

Defendant has not suffered any injury to a legally protected or cognizable interest by reason of the conduct of MV Realty as alleged in the Counterclaims.

**Seventeenth Affirmative Defense**

The Counterclaims are barred, in whole or in part, because Defendant has not suffered any actual damages as a result of the matters alleged in the Counterclaims.

**Eighteenth Affirmative Defense**

The Counterclaims for damages are barred, in whole or in part, because the alleged damages are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

**Nineteenth Affirmative Defense**

The Counterclaims are barred, in whole or in part, by the statute of frauds.

Dated:  May 22, 2020

Respectfully Submitted,

*s/ Jason C. Raofield*

Jason C. Raofield (*pro hac vice*)
Margaret H. Brennan  (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
Tel: 202.662.5072
jraofield@cov.com
mbrennan@cov.com

*Attorneys for Plaintiff*