# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISCTRICT OF NEW YORK

Innovatus Capital Partners, LLC §
   *Plaintiff* §
§
v. § Civil Action No. 1:18-cv-4152-LLS
§
§
Jonathan Neuman et. al. §
   *Defendant* §

## AFFIDAVIT OF ATTEMPTED SERVICE

I, Brett Meyer, having been first duly sworn do state that:

Upon penalty of perjury, I attest that the forgoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years old and I am not a party in this case, nor have any interest in the outcome of the matter. I have personal knowledge of the facts and statements in this affidavit, and each is true and correct. It is impractical to secure service of process on:

MARK JOHNSON AT 5687 SOUTHERN HILLS DR, FRISCO TX 75034 AND 6136 FRISCO SQUARE BLVD, STE 200 FRISCO TX 75034

In the above entitled and numbered cause, by delivering to said party, at the addresses listed above, in person a true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action. Personal service is impractical because personal contact is unavailable due to the Mark Johnson's efforts to avoid service.

I have attempted to personally deliver said documents referenced above, upon the Mark Johnson on the following date(s) and time(s), at the above-mentioned address, and others, but have been unsuccessful for the following reasons:

| Date | Time | Address | Event |
|---|---|---|---|
| 05/20/2021 | 6:48 PM | 5687 SOUTHERN HILLS DR FRISCO TX 75034 | Attempted Mark Johnson 6:48 PM. Gated Community Stonebriar. The security guard refused to call him or let me in per policy. They want me to call Frisco PD and get them to escort me in. I called Frisco PD and they refused to escort me into the gated community due to this being a civil matter. The security guard provided me with an HOA memo for the gated community refusing entrance to process servers. |

PAGE 1

| | | | |
|---|---|---|---|
| 5/21/2021 | 2:40 PM | 6136 FRISCO SQUARE BLVD STE 200 FRISCO TX 75034 | Attempted at 2:40 PM. Mark Johnson CEO is not in according to Jerry Martinez the Vice President. I left Jerry my card and he said he will get in contact with Mark and have him call me. Jerry wasn't even sure Mark was in town. |
| 5/24/2021 | 11:50 AM | 6136 FRISCO SQUARE BLVD STE 200 FRISCO TX 75034 | Mark Johnson attempt 11:50. Spoke to female who said he wasn't in. She went and spoke to Jerry for me who I spoke to on Friday and Kerry says he gave Mark my contact info. I have not received contact from Mark. |
| 05/25/2021 | 3:00 PM | 6136 FRISCO SQUARE BLVD STE 200 FRISCO TX 75034 | I called the main number and hit Mark Johnson's extension and it went to his cell phone. It sounded like he was in a vehicle on Bluetooth. I did not tell Mark Johnson I was outside his office. He said he received a 15-page document from his or an attorney that he was released from testimony, and it was quashed. Mark Johnson also said good luck finding me and he was not willing to accept or meet me anywhere. |
| 6/01/2021 | 2:45 PM | 6136 FRISCO SQUARE BLVD STE 200 FRISCO TX 75034 | Spoke to a younger male in his 20's who answered the bell at the office door. He stated Mark Johns was not in and did not know when he would be. There were no cars in the immediate area matching the description of Mark Johnson's vehicle. |

Further the Affiant says not

X_____
BRETT MEYER
PSC-10594
EXP 10/31/2021

SUBSCRIBED AND SWORN TO BY, BRETT MEYER on this 7th day of JUNE 2021, to attest witnesses my hand and seal of office.

SEAL

CASSIE ADRIEAN TURNER
Notary Public, State of Texas
Comm. Expires 09-28-2024
Notary ID 132698366

Notary Public in and for
The State of Texas DENTON County

PAGE 2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Innovatus Capital Partners, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-4152-LLS |
| Jonathan Neuman et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mark Johnson

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Videoconference, or at a mutually agreed upon location. | Date and Time: 06/03/2021 11:00 am |
|---|---|

The deposition will be recorded by this method: Video and stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/19/2021

*CLERK OF COURT*

OR

_____         s/ Jason C. Raofield
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____, who issues or requests this subpoena, are:
Jason Raofield (jraofield@cov.com), Covington & Burling LLP, 620 8th Ave, New York, NY 10018.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-4152-LLS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                         *Server's signature*

                                                         _____
                                                         *Printed name and title*

                                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# AFFIDAVIT OF DUE DILIGENCE

| | | |
|---|---|---|
| **State of New York** | **County of Southern** | **United States District Court** |

Index Number: 1:18-CV-4152-LLS   Court Date: 6/22/2021  11:00 am
Date Filed: _____

Plaintiff:
**Innovatus Capital Partners, LLC**

vs.

Defendant:
**Jonathan Neuman, et al.**

For:
Jason Raofield
Covington & Burling LLP (New York)
620 8th Ave
New York, NY 10018

Received by ATX Process, LLC on the 7th day of June, 2021 at 5:09 pm to be served on **Mark Johnson JPAR CEO, 5687 Southern Hills Dr, Frisco, Denton County, TX 75034**.

I, Brett Meyer, being duly sworn, depose and say that I:

attempted to deliver the **Subpoena to Testify at a Deposition in a Civil Action, with $52.00 Witness Tender**. After due search, careful inquiry and diligent attempts at **5687 Southern Hills Dr, Frisco, Denton County, TX 75034** was unable to deliver the documents to **Mark Johnson** for the reasons detailed in the comments below.


**Additional Information pertaining to this Service:**
6/8/2021  I have been looking into Mark Johnson's social media accounts today and based on his Instagram it looks like he flew out of DFW yesterday. I guess one of his sons had a baby and he is heading there. He posts to either his Instagram, Twitter, or Facebook almost ever day or every other day.  Hopefully he will post something tonight or tomorrow and I will know for sure if he is in town.
6/15/2021  After monitoring his social media, I will stake out his gated community entrance after checking his work address today. He is definitely back in town.
6/15/2021  7:00 pm  I went to Mark Johnson's office today at 3:45 pm and there were none of the cars matching his near the building.  I went to stake out his gated community entrance and there is no easy place to stake out and follow easily.  I have attached a photo of the entrance You get stuck at the light by the time you get out of the parking lot across the street and lose the person you are following.  I was there from 4pm to 6pm with only 1 black E class leaving the gated community.  I lost that vehicle at the light in front of the gated community and couldn't catch up with him.  There is not way to stake out the front of this gated community and catch someone without lottery luck.

I then drove around to the neighborhood that backs up to his house in the second pic.  I circled his house, and the arrow is where I went to see if I could get see vehicles or anything.  There is a tall brick wall between his alley and the railroad tracks in the photo.  I think the only way to catch him is monitor his social media and catch him posting where he is and jump on it immediately.  Maybe he will have a meet and greet somewhere again like he did back in May.

**AFFIDAVIT OF DUE DILIGENCE For 1:18-CV-4152-LLS**

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 18th day of AUGUST, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

CASSIE ADRIEAN TURNER
Notary Public, State of Texas
Comm. Expires 09-28-2024
Notary ID 132698366

Brett Meyer
PSC - 10594; Exp. 10/31/2021
Date 08/18/2021

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701
(512) 717-5600

Our Job Serial Number: ATX-2021005918
Ref: Jonathan Neuman

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Innovatus Capital Partners, LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:18-cv-4152-LLS |
| Jonathan Neuman et. al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Mark Johnson

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Videoconference, or at a mutually agreed upon location. | Date and Time: 06/22/2021 11:00 am |
|---|---|

The deposition will be recorded by this method:  Video and stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/07/2021

*CLERK OF COURT*

OR

s/ Jason C. Raofield

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendants
_____, who issues or requests this subpoena, are:
Jason Raofield (jraofield@cov.com), Covington & Burling LLP, 620 8th Ave, New York, NY 10018.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-4152-LLS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 52.00 .

My fees are $ 12.00 for travel and $ 40.00 for services, for a total of $ 52.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# AFFIDAVIT OF NON-SERVICE

| Case: 1:18-CV-4152-LLS | Court: UNITED STATES DISCTRICT COURT SOUTHERN DISTRICT OF NEW YORK | County: | Job: 8664 |
|---|---|---|---|
| Plaintiff / Petitioner: INNOVATUS CAPITAL PARTNERS, LLC | | Defendant / Respondent: JONATHAN NEUMAN, ANTHONY MITCHELL, RITZ ADVISORS, LLC, GREG WILLIAMS, DARYL CLARK, AND AMANDA ZACHMAN | |
| Received by: ATX PROCESS, LLC | | For: ATX PROCESS, LLC | |
| To be served upon: MARK JOHNSON JPAR CEO | | | |

My name is Brett Mathew Meyer. I am over the age of eighteen years and I am competent to testify to the matters stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.

**Recipient Name / Address:** MARK JOHNSON JPAR CEO, 5687 Southern Hills Dr, Frisco, TX 75034
**Manner of Service:** Unsuccessful Attempt
**Documents:** SUBPOENA (Received Aug 23, 2021 at 11:09am CDT)

**Additional Comments:**
1) Unsuccessful Attempt: Aug 23, 2021, 4:00 pm CDT at 6136 Frisco Square Blvd STE 200, Frisco, TX 75034
ARRIVED AT 4:00 PM AND NEVER SAW HIM LEAVE THE OFFICE. I WAITED WHERE BOTH DOORS AND ELEVATOR WERE IN MY VIEW UNTIL 5:45 PM

2) Unsuccessful Attempt: Aug 24, 2021, 2:30 pm CDT at 6136 Frisco Square Blvd STE 200, Frisco, TX 75034
ACCORDING TO FEMALE I SPOKE TO AT THE OFFICE HE IS NOT IN AND RARELY IS. SHE SAYS THEY HAVE RECENTLY CHANGED OWNERSHIP AT JPAR. SHE TOOK MY CARD AND SAID SHE WOULD PUT IT ON HIS DESK. HE COULD HAVE BEEN THERE FOR ALL I KNOW.

3) Unsuccessful Attempt: Aug 24, 2021, 3:00 pm CDT at 5687 Southern Hills Dr, Frisco, TX 75034
GUARD AT GATED COMMUNITY AGAIN WOULD NOT LET ME IN OR CALL THE RESIDENCE TO SERVE MARK JOHNSON. ONLY CONSTABLE AND POLICE OFFICERS ALLOWED IN.

4) Unsuccessful Attempt: Aug 25, 2021, 3:40 pm CDT at 5687 Southern Hills Dr, Frisco, TX 75034
GOT INTO THE GATED COMMUNITY WITH SERVING ANOTHER PERSON WHO CALLED THE GATE HOUSE TO GIVE ME ACCESS. I KNOCKED ON THE DOOR AND HIS WIFE ANSWERED THE DOOR. I KNOW IT WAS HER BASED ON HIS SOCIAL MEDIA. I ASKED FOR MARK AND SHE SAID HE WAS HOME HOLD ON A SECOND AND CLOSED THE DOOR. SHE CAME BACK ABOUT 30 SECONDS LATER AND SAID HE WAS ON A ZOOM CALL WHAT WAS THIS REGARDING. I TOLD HER I HAVE A DOCUMENT TO DELIVER TO HIM, AND I HEAR HIM SAY IN THE DISTANT BACKGROUND "MAIL IT TO ME". SHE IMMEDIATELY SHUT THE DOOR. I LEFT MY CARD IN HIS DOOR.

Brett Meyer
PSC 10594
EXP 10/31/2025
Date: 09/22/2021

Subscribed and sworn to before me by the affiant who is personally known to me.
Notary Public
Date: 09/22/2021
Commission Expires: 09/28/2024

CASSIE ADRIEAN TURNER
Notary Public, State of Texas
Comm. Expires 09-28-2024
Notary ID 132698366

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-4152-LLS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* MARK JOHNSON
on *(date)* 8/24/21 .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☒ I returned the subpoena unexecuted because: REFUSED SERVICE, MARK JOHNSON LOOKED AT DEPUTIES ON MULTIPLE OCCASIONS BUT WOULD NOT ANSWER DOOR

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 52.—   *returned w/ subpoena

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 9/15/21

_____ 4205
Server's signature

J A. BERKA DEPUTY CONSTABLE
Printed name and title

Michael A. Truitt
Constable, Denton County Pct. 2

5533 FM 423 #601 FRISCO TX 75036
Server's address

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

RECEIVED
2021 AUG 26 PM 3: 05
DENTON COUNTY
PRECINCT 2
MICHAEL A. TRUITT

| | | |
|---|---|---|
| Innovatus Capital Partners, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-4152-LLS |
| Jonathan Neuman et. al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mark Johnson

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Videoconference, or at a mutually agreed upon location. | Date and Time: 09/15/2021 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/23/2021

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | s/ Jason C. Raofield |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants , who issues or requests this subpoena, are:

Jason Raofield (jraofield@cov.com), Covington & Burling LLP, 620 8th Ave, New York, NY 10018.

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Denton County Constable, Pct. 2

# Michael A Truitt

5533 FM 423, Suite 601
Frisco, TX 75036-8975
972-434-7220

Case:  1:18-cv-4152-LLS
Issuing Court: Out of State (Out of State) - County

## INNOVATUS CAPITAL PARTNERS LLC
vs
## JONATHAN NEUMAN ET AL

Came to hand August 26, 2021 at 3:05 PM.

**NAME:**  Mark Johnson
**ADDRESS:**  5687 SOUTHERN HILLS DR  Frisco TX 75034
**COURT DATE:** September 15th, 2021

This Document is **Returned Unserved**

The Documents: Civil Subpoena

**REMARKS: no contact, hanger on door**

RETURN TO: Out of State

### SERVICE ATTEMPTS

| Defendant's Name | Date | Time | Attempts / Remarks |
|---|---|---|---|
| Mark Johnson | August 27th, 2021 | 01:04 PM | No contact, notice left. Package on porch for Beverly Johnson. |
| Mark Johnson | September 1st, 2021 | 01:56 PM | No contact. Prior notice on door, package still at door. Notice left. |
| Mark Johnson | September 8th, 2021 | 10:43 AM | On approach to residence observed the blinds to front room open. I Observed an adult White Male sitting on computer talking to the monitor Several attempts Knocking on front doorand the subject never came to door. Notice left |
| Mark Johnson | September 10th, 2021 | 01:25 PM | call from plaintiff about service |
| Mark Johnson | September 10th, 2021 | 02:40 PM | no contact, notice left, prior notice gone |
| Mark Johnson | September 13th, 2021 | 03:19 PM | On approach, observed subj in front office. Attempted contact, subject walked out of office and into kitchen. Neg contact, notice left |
| Mark Johnson | September 14th, 2021 | 10:45 AM | No contact, tag  (previous tag on chair) |

mabad 10/19/2021 11:08:53

Denton County Constable, Pct. 2

# Michael A Truitt

5533 FM 423, Suite 601
Frisco, TX 75036-8975
972-434-7220

| Mark Johnson | September 15th, 2021 | 07:18 AM | no contact, hanger on door |

Michael A Truitt
**Constable**
**Denton County, Texas**

DEPUTY: _/s/ John Berka_

John Berka

mabad 10/19/2021 11:08:54

## AFFIDAVIT OF DUE DILIGENCE

| | | |
|---|---|---|
| State of New York | County of Southern | United States District Court |

Index Number: 1:18-CV-04252-LLS   Court Date: 10/22/2021  9:00 am
Date Filed: _____

Plaintiff:
**Innovatus Capital Partners, LLC**

vs.

Defendant:
**Jonathan Neuman, et al.**

For:
Jason Raofield
Covington & Burling LLP (New York)
620 8th Ave
New York, NY 10018

Received by ATX Process, LLC on the 17th day of September, 2021 at 9:48 am to be served on **Mark Johnson JPAR CEO, 6136 Frisco Square Blvd., Ste. 200, Frisco, Denton County, TX 75034**.

I, Michael E. Wigginton, being duly sworn, depose and say that I:

attempted to deliver the **Defendant's Notice of Subpoena to Mark Johnson, and Subpoena to Testify at a Deposition in a Civil Action with $52 Witness Tender**. After due search, careful inquiry and diligent attempts at **6136 Frisco Square Blvd., Ste. 200, Frisco, Denton County, TX 75034** was unable to deliver the documents to **Mark Johnson** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
1) Unsuccessful Attempt: Sep 20, 2021, 1:41 pm CDT at 6136 Frisco Square Blvd Ste - 200, Frisco, TX 75034
Arrived at the address I searched the parking lot for his vehicle but there was no 2007 Mercedes E350 in the parking lot. I went up to suite#200 to search out the area and the door is locked you must ring the doorbell to be let inside. I waited outside in the hallway for about an hour but no one came in or out of the suite however the lights are on inside the suite. I will attempt again later this afternoon.

2) Unsuccessful Attempt: Sep 21, 2021, 3:00 pm CDT at 6136 Frisco Square Blvd Ste - 200, Frisco, TX 75034
Arrived at the given address and tried to locate Mr. Johnson's vehicle and did not locate it. So I found a location where I could observe cars coming and leaving as well as people. I sat for two hours and did not see Mr. Mark Johnson.

3) Unsuccessful Attempt: Sep 22, 2021, 10:15 am CDT at 6136 Frisco Square Blvd Ste - 200, Frisco, TX 75034
Arrived at the suites in Frisco and tried locating Mr. Johnson's vehicle and it was nowhere to be found. I then sat and observed for approximately 1 hour and a half and never seen Mr. Johnson arrive or leave.

## AFFIDAVIT OF DUE DILIGENCE For 1:18-CV-04252-LLS

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 20th day of October, 2021 by the affiant who is personally known to me.

_Melanie A. Locket_
NOTARY PUBLIC

MELANIE A. LOCKET
Notary Public, State of Texas
Comm. Expires 06-30-2022
Notary ID 243262-9

Michael E. Wigginton
PSC - 3613; Exp 6/30/2022

Date: 10-20-2021

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701
(512) 717-5600

Our Job Serial Number: ATX-2021009946
Ref: Innovatus Capital Partners, LLC

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t