# COVINGTON

BEIJING   BRUSSELS   DUBAI   JOHANNESBURG   LONDON
LOS ANGELES   NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

January 31, 2022

The Honorable Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 21-C
New York, New York 10007

> Re: *MV Realty, PBC, LLC, v. Innovatus Capital Partners, LLC* (1:18-cv-07142); *Innovatus v. Neuman et. al.* (1:18-cv-04252)

Dear Judge Stanton:

We write in response to Innovatus' January 26, 2022 reply letter (Dkt. 274) seeking to compel production of broad categories of documents unrelated to the remaining claim.

First, Innovatus claims MV has interpreted the Court's orders as merely requiring MV to produce documents based on MV's "own self-serving assessment of whether documents are strictly 'related to Innovatus' list of methods.'" Dkt. 274 at 2. If that were true, MV would not have spent many hundreds of thousands of dollars producing 375,000 pages of documents. As MV has explained many times, MV produced documents relating to the claim identified in the Court's December 23, 2020 summary judgment order.

MV collected and produced all documents that relate to the Innovatus methods (which discovery has now confirmed were all disclosed by Mr. Daum), and there is no merit whatsoever to Innovatus' self-serving pronouncement that MV has withheld documents on the basis of MV's own subjective view as to which documents "strictly relate" to Innovatus' methods. Moreover, to avoid that very concern, MV not only produced documents relating to the list of 20 methods identified by Innovatus, it also produced documents reflecting the methods MV actually uses instead of those methods. For example, Innovatus can see the call scripts MV has actually used, Innovatus can see the agent employment agreements MV has actually used, Innovatus can see the form RTL agreement MV has actually used, Innovatus can see the broker-agent model MV has actually used, Innovatus can see the pricing methodology MV has actually used, Innovatus can see the market expansion selection process MV has actually used, Innovatus can see the third party industry data MV has actually used, Innovatus can see the underwriting checklists MV has actually used, and Innovatus can see the financial models MV has actually used. The problem for Innovatus is not that it does not have MV's documents: the problem is that the documents disprove its claim.

Second, Innovatus cannot deny that the twenty categories of documents it now seeks are (again) unquestionably overbroad. For example, MV noted in its response letter that one of the twenty requests "seeks every document 'summarizing or describing the nature, operational methods, value, and/or profitability of the RTL business provided to actual or prospective investors or financing sources.'" Innovatus' only response is to label this highly burdensome request as "narrow." Dkt. 274 at 2. Incredibly, Innovatus insists that all of those documents "plainly fall within the scope of the Court's November 24, 2021 Order." *Id.* To the contrary, that same expansive category of documents was the subject of Innovatus' October 11, 2021 pre-motion letter (Dkt. 207 at 2), and the Court's November 24 Order rejected that request as "unquestionably overbroad." The request is once again so broad that it would capture virtually every document from years of interactions with actual or potential investors, financing sources,

or ratings agencies. And it would do so regardless of whether those documents have anything to do with Innovatus' claim for recompense based on the methods it has identified – none of which involve methods for obtaining financing, investments or ratings.[1]

Third, with respect to documents relating to 777, there is no basis for Innovatus' suggestion that MV has withheld documents relating to the remaining claim in this case.[2] Instead, as it did in its October 11 pre-motion letter, Innovatus is simply demanding broad discovery of documents unrelated to that claim. Innovatus makes no attempt to justify the numerous broad categories of documents covering a multi-year period from 2018-2020. Instead, it focuses solely on the period from May to October 2018. Dkt. 274 at 1-2. As Innovatus knew at the time, MV stopped entering into RTL agreements in May 2018. As such, during that period, MV was pursuing its regular real estate brokerage business. In July, MV obtained a license to the Harrington patent, and documents relating to MV's interactions with Harrington have all been produced. MV then began entering into RTLs again in October – using a form RTL based on the agreement provided by Harrington – after MV told the Court it would be doing so. Ignoring all of that, Innovatus points to an email in which 777 said the parties were "back in action with regards to RTLs," but fails to mention that the email asked MV to set up a call to "get back up to speed, given *our last meeting took place in April.*" MVR-011-15758 (emphasis added). MV has now also produced its agreements with 777 (and all other investors), even as Innovatus continues to redact the names of its own potential investors to prevent MV from serving a subpoena on those entities.

Finally, with respect to internal communications, Innovatus' reply letter confirms that it will never stop expanding its discovery demands. Innovatus' opening letter sought internal communications on exactly three topics. The heading of that section of the letter was titled: "Internal MV Communications (Requests 18-20 in Exhibit B)." Dkt. 264 at 4. In its response

---

[1] Innovatus says these documents "will reveal the MV Parties' continued use of Innovatus' methods, their representations about their business to outside investors, and the investors' assessment of MV's value." Dkt. 274 at 2. But that is why MV produced its investor presentations: so Innovatus can see what MV has told potential investors. Indeed, Innovatus quotes those presentations in its "sanctions" letter. MV has also now produced its agreements with investors, which is real world evidence of the value of MV. In any event, this is the same argument Innovatus made in its October 11 pre-motion letter, which the Court rejected in the November 24 Order. ***The only thing new in Innovatus' reply letter is deposition testimony from an MV employee confirming that investor due diligence has involved "all areas of the business."*** *Id.* at 3 (emphasis added). That is exactly the point. The demand is boundless and not "targeted" to the claim for recompense based on the limited methods identified by Innovatus.

[2] Nor did MV suggest that MV has withheld documents on the basis that Innovatus can get the documents pursuant to its subpoena to 777. As the Court knows, it was MV that had to file a motion to compel when Innovatus defied the Court's February 11 and March 23 Orders by inexplicably refusing to produce its own documents on the basis that MV might obtain them from Redibs (even as Innovatus itself was funding an aggressive motion to quash MV's subpoena to Redibs and JPAR). Meanwhile, even after the November 24 Order, Innovatus waited more than three weeks to begin its Redibs production, which it is finally now completing two months after the November 24 Order. On top of that, MV has zero documents from JPAR, and Innovatus is still ignoring the truly-targeted discovery letter MV sent on December 22.

regarding Requests 18-20, MV told the Court in no uncertain terms that "MV has produced whatever responsive documents exist." Dkt. 266 at 2. It doesn't get any more open and shut than that. Unbelievably, Innovatus now claims that MV is concealing evidence because Innovatus believes MV has not produced all of its internal communications "related to the relationship with 777." According to Innovatus, this means that MV is "taking it upon themselves to rewrite the Court' order." That is frivolous. It is Innovatus that is rewriting Requests 18-20, each of which seek internal communications about topics unrelated to 777. Dkt. 264-2 at 3-4.

              Sincerely,

              s/ Jason C. Raofield
              Jason C. Raofield