ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
INNOVATUS CAPITAL PARTNERS, LLC,

                Plaintiff,        18 Civ. 4252 (LLS)

     - against -

JONATHAN NEUMAN, ANTONY MITCHELL,
RITZ ADVISORS, LLC, GREG WILLIAMS,
DARYL CLARK and AMANDA ZACHMAN,

              Defendants.
- - - - - - - - - - - - - - - - - X
MV REALTY, PBC, LLC,

                        18 Civ. 7142 (LLS)

              Plaintiff,

     - against -

INNOVATUS CAPITAL PARTNERS, LLC,       ORDER

              Defendant.
- - - - - - - - - - - - - - - - - X

    Innovatus seeks leave to move for sanctions based on MV
Realty's alleged fraud on the court and discovery abuses. See
Dkt. No. 259.

-1-

    As part of the requested relief, Innovatus asks the Court
to vacate its December 23, 2020 Order dismissing its request for
injunctive relief, arguing that MV obtained that order based on
a "series of discovery abuses and factual misrepresentations
which only recently have come to light—and which were critically
important to its attempt to get Innovatus' injunctive claim
dismissed at a preliminary stage . . . .". Id. at 1. Innovatus
highlights several categories of allegedly newly revealed

information that it argues have now disproved the bases for the Court's summary judgment determination. Id. at 3-4.

However, as MV Realty correctly points out in its Oppositions, Dkt. Nos. 262, 295, none of the allegedly newly revealed information changes the fundamental facts on which the Court based its summary judgment decision:

> [T]he basis for the Court's summary judgment order was not that there was no violation of the NDAs. . . . The Court did not conclude that the methods had little, if any, value. To the contrary, the summary judgment order expressly allowed Innovatus to pursue a restitution claim based on the value of the methods to the extent they enhance the results of MV's RTL business.

Dkt. No. 262. (internal citations and quotation marks omitted).

That is an accurate understanding of Court's Order, and there is no basis to revisit the summary judgment determination. The question whether MV violated the NDAs by using Innovatus's methods, and to what extent it profited from that usage, was encompassed in what was reserved for trial in Section Two of the Court's Order, and it is still reserved for trial. The question whether MV gained a competitive advantage ("first-mover advantage") through its alleged sharing or selling of those methods is also encompassed in Section Two of that Order and is similarly reserved for trial.

-2-

The parties' charges and countercharges of discovery abuses have fair room for argument, but bristle with questions of fact and are at best only collateral to the core issues set forth in

the December 23, 2020 and February 11, 2021 Orders.

There may be a time and place for evidentiary hearings of those discovery matters, but at present they are distractions from the main points.

-3-

Innovatus's above applications are denied.

So Ordered.

Dated:    New York, New York
          February 14, 2022

                                    Louis L. Stanton
                                   _____
                                   LOUIS L. STANTON
                                        U.S.D.J.